TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
BYRON R. TUYAY (Cal. Bar No. 308049)
Assistant United States Attorney
Riverside Branch Office
     United States Attorney's Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6230
     Facsimile: (951) 276-6202
     E-mail:    byron.tuyay@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>JAIRO REYNAGA GUIZAR,<br><br>          Defendant. | ED CR No. 21-000155-JWH-1<br><br>PLEA AGREEMENT FOR DEFENDANT<br>JAIRO REYNAGA GUIZAR |

1.   This constitutes the plea agreement between Jairo Reynaga Guizar ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts one and twelve of the indictment in United States v. Guizar, et al., ED CR

1   No. 21-000155-JWH, which charge defendant with Conspiracy in

2   violation of 18 U.S.C. § 1349 and Aggravated Identity Theft in

3   violation of 18 U.S.C. § 1028A(a)(1).

4         b.   Not contest facts agreed to in this agreement.

5         c.   Abide by all agreements regarding sentencing contained

6   in this agreement.

7         d.   Appear for all court appearances, surrender as ordered

8   for service of sentence, obey all conditions of any bond, and obey

9   any other ongoing court order in this matter.

10        e.   Not commit any crime; however, offenses that would be

11  excluded for sentencing purposes under United States Sentencing

12  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

13  within the scope of this agreement.

14        f.   Be truthful at all times with the United States

15  Probation and Pretrial Services Office and the Court.

16        g.   Pay the applicable special assessments at or before

17  the time of sentencing unless defendant has demonstrated a lack of

18  ability to pay such assessments.

19  THE USAO'S OBLIGATIONS

20     3.   The USAO agrees to:

21        a.   Not contest facts agreed to in this agreement.

22        b.   Abide by all agreements regarding sentencing contained

23  in this agreement.

24        c.   At the time of sentencing, move to dismiss the

25  remaining counts of the indictment as against defendant.  Defendant

26  agrees, however, that at the time of sentencing the Court may

27  consider any dismissed charges in determining the applicable

28

Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

        d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

NATURE OF THE OFFENSES

    4.    Defendant understands that for defendant to be guilty of the crime charged in count one, that is, Conspiracy, in violation of 18 U.S.C. § 1349, the following must be true: (1) Beginning no later than on or about August 1, 2020 and continuing through at least on or about October 24, 2020, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; (2) defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and (3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

    5.    Defendant understands that for defendant to be guilty of the crime charged in count twelve, that is, aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), the following must be true: (1) defendant knowingly possessed or used without legal authority a means of identification of another person; (2) defendant knew that the means of identification belonged to a real person; and (3) defendant did so during and in relation to a conspiracy to commit mail fraud and wire fraud.

1

PENALTIES AND RESTITUTION

2       6.   Defendant understands that the statutory maximum sentence

3  that the Court can impose for a violation of 18 U.S.C. § 1349, is: 20

4  years' imprisonment; a 5-year period of supervised release; a fine of

5  $250,000 or twice the gross gain or gross loss resulting from the

6  offense, whichever is greatest; and a mandatory special assessment of

7  $100.

8       7.   Defendant understands that the statutory maximum sentence

9  that the Court can impose for a violation of 18 U.S.C. § 1028A(a)(1),

10 is: 2 years' imprisonment; 1 year of supervised release; a fine of

11 $250,000 or twice the gross gain or gross loss resulting from the

12 offense, whichever is greatest; and a mandatory special assessment of

13 $100.

14      8.   Defendant understands, therefore, that the total maximum

15 sentence for all offenses to which defendant is pleading guilty is:

16 22 years' imprisonment; a 5-year period of supervised release; a fine

17 of $500,000 or twice the gross gain or gross loss resulting from the

18 offenses, whichever is greatest; and a mandatory special assessment

19 of $200.[1]

20      9.   Defendant understands that the statutory mandatory minimum

21 sentence that the Court must impose for a violation of 18 U.S.C.

22 § 1028A(1), as charged in count twelve of the indictment, is a 2-year

23

24 _____

25      [1] Defendant understands that there is case law suggesting that
   the term of supervised release on count twelve could be imposed to
26 run consecutively to the terms of supervised release on the other
   counts.  While the USAO does not intend to seek a consecutive term of
27 supervised release, defendant understands that if the Court were to
   impose a consecutive term of supervised release, the maximum term of
   supervised release for all of the counts of conviction would be 6
28 years, rather than 5 years as stated in the text above.

term of imprisonment, which must run consecutive to any other sentence of imprisonment, and a mandatory special assessment of $100.

10.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.   Defendant understands that defendant will be required to pay full restitution to the victims of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties currently believe that the applicable amount of restitution is approximately $629,520 but recognize and agree that this amount could

change based on facts that come to the attention of the parties prior to sentencing.

12.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.   Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.   Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

13.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.   Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.   Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration

status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

14.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

**EDD Unemployment Benefits Background**

The United States Department of Labor's unemployment insurance ("UI") program provides temporary benefits to eligible workers who became unemployed through no fault of their own.  The UI benefits ensure that at least a significant portion of the necessities of life -- most notably, food, shelter, and clothing -- are met on a weekly basis while the worker seeks employment.  In California, the Employment Development Department ("EDD") administers the UI program for residents and others who physically performed work activities in California.

Generally, to receive UI benefits, claimants must be: (1) unemployed through no fault of their own; (2) able to, and available for, work; (3) willing to accept suitable work; and (4) actively seeking work.  Applications for UI benefits may be made online from any digital device, including a smartphone, that connects to the

Internet and can access the EDD website's UI benefits page.  In
response to the UI benefits applications, the EDD provides UI funds
to qualifying claimants via an electronic bill payment ("EBP") debit
card administered by Bank of America, a federally insured financial
institution.  The EBP debit cards are sent via the United States
Postal Service to each qualifying claimant at the address the
claimant provided in the UI benefits application.

**Defendant Conspired to Defraud EDD**

Beginning on a date no later than on August 1, 2020, and
continuing through at least October 24, 2020, in San Bernardino
County within the Central District of California, and elsewhere,
defendant and Nylene Kristine Amesquita, together with other co-
conspirators, knowingly and with intent to defraud, conspired to
commit mail fraud and wire fraud by filing fraudulent applications
for UI benefits to the EDD.

Specifically, defendant, Amesquita, and co-conspirators compiled
personally identifiable information ("PII") of other people without
those persons' authorization, including their names, dates of birth,
and social security numbers.  Defendant and co-conspirators then used
the PII to submit false and fraudulent applications for UI benefits
to the EDD.  In doing so, co-conspirators falsely represented to the
EDD that they were the named claimants in the applications.

As part of the conspiracy, defendant knew that the UI benefits
applications that he, Amesquita, and co-conspirators submitted to the
EDD concealed material facts and contained false information so that
the EDD would approve the applications.  For instance, defendant and
co-conspirators falsely claimed on UI benefits applications that
persons for whom they submitted UI benefits applications lived at

mailing addresses they listed on the UI benefits applications.
Defendant and co-conspirators also falsely claimed on applications
that the persons whose PII they used to file UI benefits applications
were eligible to receive UI benefits when, in fact, those people were
not able and available to work, not actively seeking employment, or,
in some cases, had never worked or lived in California at all.

By submitting online applications for UI benefits to the EDD,
defendant and co-conspirators caused correspondence from EDD and EBP
debit cards from Bank of America to be sent via United States Postal
Service to addresses that they controlled.  The online applications
also caused UI benefits to be transferred to the EBP debit cards via
interstate wires.

Defendant and Amesquita obtained EBP debit cards and used the
cards to make purchases at retail stores and to make cash withdrawals
at automated teller machines ("ATMs").

Between approximately August 1, 2020 through approximately
October 24, 2020, defendant, Amesquita, and their co-conspirators
fraudulently caused the EDD to transfer at least $629,520 of UI
benefits payments to EBP debit card accounts held in the names of
other persons, but controlled by defendant, Amesquita, or their co-
conspirators.

**Defendant's Overt Acts**

Defendant committed various overt acts in furtherance of the
conspiracy to defraud the EDD including the following:

On August 29, 2020, defendant used the EBP debit cards held in
P.A.'s name to withdraw $1,000 from an ATM in Victorville,
California.

On August 30, 2020, defendant used the EBP debit card held in P.A.'s name to withdraw $1,000 from an ATM in Victorville, California.

On September 2, 2020, defendant and Amesquita used the EBP debit cards held in the names of victims A.S., B.H., S.U., R.C., and P.A. to withdraw $1,000 from accounts held in the name of each victim at an ATM in Victorville, California.

On September 5, 2020, defendant used the EBP debit card held in victim B.H.'s name to withdraw $300 from an ATM in Hesperia, California.

On September 10, 2020, defendant possessed in his bedroom handwritten notes containing social security numbers of victims A.V. and J.L. together with an EBP debit card held in the name of victim A.V.

On or about September 1, 2020, defendant knowingly possessed and used without legal authority, means of identification that defendant knew belonged to another person, namely, the name and social security number of victim J.L.  Defendant knew that J.L. was a real person and used victim J.L.'s PII during and in relation to carrying out a conspiracy to commit mail fraud, namely, by using J.L.'s PII to submit false applications for EDD UI benefits.

<u>SENTENCING FACTORS</u>

15.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have

any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

16.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Loss between $550,000 and $1,500,000 | +14 | U.S.S.G. § 2B1.1(b)(1)(H) |
| 10 or more victims: | +2 | U.S.S.G.§ 2B1.1(b)(2)(A)(i) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that the Court must sentence defendant to a term of 2 years imprisonment on count 12, which must run consecutive to any term of imprisonment imposed for count 1.

17.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

1        b.   The right to a speedy and public trial by jury.

2        c.   The right to be represented by counsel – and if
3 necessary have the Court appoint counsel - at trial.  Defendant
4 understands, however, that, defendant retains the right to be
5 represented by counsel – and if necessary have the Court appoint
6 counsel – at every other stage of the proceeding.

7        d.   The right to be presumed innocent and to have the
8 burden of proof placed on the government to prove defendant guilty
9 beyond a reasonable doubt.

10        e.   The right to confront and cross-examine witnesses
11 against defendant.

12        f.   The right to testify and to present evidence in
13 opposition to the charges, including the right to compel the
14 attendance of witnesses to testify.

15        g.   The right not to be compelled to testify, and, if
16 defendant chose not to testify or present evidence, to have that
17 choice not be used against defendant.

18        h.   Any and all rights to pursue any affirmative defenses,
19 Fourth Amendment or Fifth Amendment claims, and other pretrial
20 motions that have been filed or could be filed.

21 <u>WAIVER OF APPEAL OF CONVICTION</u>

22   20.  Defendant understands that, with the exception of an appeal
23 based on a claim that defendant's guilty pleas were involuntary, by
24 pleading guilty defendant is waiving and giving up any right to
25 appeal defendant's convictions on the offenses to which defendant is
26 pleading guilty.  Defendant understands that this waiver includes,
27 but is not limited to, arguments that the statutes to which defendant
28 is pleading guilty are unconstitutional, and any and all claims that

1    the statement of facts provided herein is insufficient to support

2    defendant's pleas of guilty.

3                LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

4        21.  Defendant agrees that, provided the Court imposes a total

5    term of imprisonment on all counts of conviction of no more than 102

6    months, defendant gives up the right to appeal all of the following:

7    (a) the procedures and calculations used to determine and impose any

8    portion of the sentence; (b) the term of imprisonment imposed by the

9    Court; (c) the fine imposed by the Court, provided it is within the

10   statutory maximum; (d) to the extent permitted by law, the

11   constitutionality or legality of defendant's sentence, provided it is

12   within the statutory maximum; (e) the term of probation or supervised

13   release imposed by the Court, provided it is within the statutory

14   maximum; (f) the amount and terms of any restitution order, provided

15   it requires payment of no more than $629,520; and (g) any of the

16   following conditions of probation or supervised release imposed by

17   the Court: the conditions set forth in Second Amended General Order

18   20-04 of this Court; the drug testing conditions mandated by 18

19   U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use

20   conditions authorized by 18 U.S.C. § 3563(b)(7).

21       22.  The USAO agrees that, provided (a) all portions of the

22   sentence are at or above the statutory minimum and at or below the

23   statutory maximum specified above and (b) the Court imposes a term of

24   imprisonment of no less than 87 months, the USAO gives up its right

25   to appeal any portion of the sentence, with the exception that the

26   USAO reserves the right to appeal the amount of restitution ordered

27   if that amount is less than $629,520.

28

1

## RESULT OF WITHDRAWAL OF GUILTY PLEA

2      23.   Defendant agrees that if, after entering guilty pleas

3  pursuant to this agreement, defendant seeks to withdraw and succeeds

4  in withdrawing defendant's guilty pleas on any basis other than a

5  claim and finding that entry into this plea agreement was

6  involuntary, then (a) the USAO will be relieved of all of its

7  obligations under this agreement; and (b) should the USAO choose to

8  pursue any charge that was either dismissed or not filed as a result

9  of this agreement, then (i) any applicable statute of limitations

10  will be tolled between the date of defendant's signing of this

11  agreement and the filing commencing any such action; and

12  (ii) defendant waives and gives up all defenses based on the statute

13  of limitations, any claim of pre-indictment delay, or any speedy

14  trial claim with respect to any such action, except to the extent

15  that such defenses existed as of the date of defendant's signing this

16  agreement.

17

## EFFECTIVE DATE OF AGREEMENT

18      24.   This agreement is effective upon signature and execution of

19  all required certifications by defendant, defendant's counsel, and an

20  Assistant United States Attorney.

21

## BREACH OF AGREEMENT

22      25.   Defendant agrees that if defendant, at any time after the

23  signature of this agreement and execution of all required

24  certifications by defendant, defendant's counsel, and an Assistant

25  United States Attorney, knowingly violates or fails to perform any of

26  defendant's obligations under this agreement ("a breach"), the USAO

27  may declare this agreement breached.  All of defendant's obligations

28  are material, a single breach of this agreement is sufficient for the

USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

26.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any

15

evidence derived from the statements should be suppressed or are inadmissible.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

27.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

28.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the

16

maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

30.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

1        PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        31.  The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   TRACY L. WILKISON
    United States Attorney

9

10                                              03-07-2022
    _____
    BYRON R. TUYAY                              Date
11  Assistant United States Attorney

12  _____            03-04-2022
    JAIRO REYNAGA GUIZAR                        Date
13  Defendant

14  _____            2022/03/04
    DAVID J. KALOYANIDES                        Date
15  Attorney for Defendant
    JAIRO REYNAGA GUIZAR

16

17

18

19

20

21

22

23

24

25

26

27

28

                                18

1

## CERTIFICATION OF DEFENDANT

2    I have read this agreement in its entirety.  I have had enough

3 time to review and consider this agreement, and I have carefully and

4 thoroughly discussed every part of it with my attorney.  I understand

5 the terms of this agreement, and I voluntarily agree to those terms.

6 I have discussed the evidence with my attorney, and my attorney has

7 advised me of my rights, of possible pretrial motions that might be

8 filed, of possible defenses that might be asserted either prior to or

9 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10 of relevant Sentencing Guidelines provisions, and of the consequences

11 of entering into this agreement.  No promises, inducements, or

12 representations of any kind have been made to me other than those

13 contained in this agreement.  No one has threatened or forced me in

14 any way to enter into this agreement.  I am satisfied with the

15 representation of my attorney in this matter, and I am pleading

16 guilty because I am guilty of the charges and wish to take advantage

17 of the promises set forth in this agreement, and not for any other

18 reason.

19

20 JAIRO REYNAGA GUIZAR                      03-04-2022
   Defendant                                Date

21

22

23

24

25

26

27

28

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am Jairo Reynaga Guizar's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty pleas pursuant to this agreement.

_____     2022/03/04
DAVID J. KALOYANIDES                 Date
Attorney for Defendant
JAIRO REYNAGA GUIZAR

20